UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 12-032-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRADLEY CHARLES MAGIERA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On April 24, 2014, Defendant Bradley Charles Magiera submitted a letter addressed to the Clerk of the Court, requesting a copy of his sentencing transcript. The Court will construe Magiera's letter as a motion requesting a copy of his sentencing transcript.

A review of the record indicates that Magiera was sentenced on January 14, 2013, to a term of imprisonment of 34 months, followed by a term of supervised release of twenty years. [Record No. 24] The defendant did not appeal his sentence. Likewise, he has not filed sought collateral relief. The Court also notes that a transcript of the sentencing hearing held on January 14, 2013 has not been filed.

Under 28 U.S.C. § 753(f) and 28 U.S.C. § 2250, the government has a responsibility to provide transcripts and other court documents to inmates under certain circumstances. *See United States v. Gains*, 1992 WL 38157, at \*1 (E.D. Pa. Feb. 20, 1992). For example, under § 753(f), the government must furnish transcripts to a prisoner with a pending habeas petition pending if: (1) the prisoner has authorization to proceed *in forma pauperis*; (2) the court finds

that the § 2255 action is non-frivolous, and (3) the court need the transcripts to rule on a contested issue. *See* 28 U.S.C. § 753(f). Additionally, § 2250 provides that:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250.

Magiera's motion fails under both sections. To invoke § 2250 or § 753(f), Smith must have a motion for relief pending. *See United States v. Cononor*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278-79 (5th Cir. 1970); *United States v. Agbomire*, 239 F.App'x 929, 929-30 (5th Cir. 2007); *United States v. Lewis*, 1994 WL 563442, at *1-2 (10th Cir. Oct. 14, 1994); *Corrigan v. Thomas*, 55 F.App'x 754, 756 (6th Cir. 2003) ("Finally, federal prisons are not entitled to obtain a transcript . . . at government expense under [§753(f)] for the purpose of preparing a motion to vacate where there was not motion to vacate sentence pending.") (citing *Ketcherside v. United States*, 317 F.2d 807, 808 (6th Cir. 1963). Because there is no action pending at this time, the posture of this case precludes the application of § 2250 or § 753(f).

Additionally, even if a motion for a sentence reduction were pending, Magiera would be required to make a "showing of need." *See United States v. Nelson*, 1991 WL 59411, at *1 (10th Cir. April 16, 1991); *see also Irby v. Swenson*, 361 F. Supp. 167, 167 (D.C. Mo. 1973); *Wiggins v. United States*, 1005 WL 1362234, at *2 (S.D. Miss. June 3, 2005); *Althouse v. Cockrell*, 2004

WL 377049, at *2 (N.D. Tex. Feb. 13, 2004). Here, no such showing has been demonstrated. Accordingly, it is hereby

**ORDERED** as follows:

1. The Clerk of the Court is directed to file the letter from Defendant Magiera in the file of this action which the Court construes as a motion requesting a copy of his sentencing transcript.

2. Defendant Magiera's *pro se* motion requesting a copy of his sentencing transcript is **DENIED**.

3. To the extent Defendant Magiera requests an order granting him pauper status under 28 U.S.C. § 1915, his request is **DENIED**.

This 25th day of April, 2014.

Signed By:
*Danny C. Reeves* DCR
United States District Judge