UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON
CRMINAL ACTION NO. 12-32-DCR-JGW-1

UNITED STATES OF AMERICA                                       PLAINTIFF

v.

BRADLEY MAGIERA                                                 DEFENDANT

**REPORT AND RECOMMENDATION**

Pending is defendant Bradley Magiera's motion to recharacterize his petition for coram nobis relief as a motion for post-conviction relief under 28 U.S.C. §2255. Doc. 29. After having examined the record and applicable law, the Court recommends that the motion to recharacterize be granted but the underlying §2255 motion be denied as having been untimely filed.

**Relevant Factual and Procedural History**

In January 2013, pursuant to his guilty plea to one count of failing to register as a sex offender, defendant Bradley Magiera was sentenced to thirty-four months' imprisonment (to run consecutively to related sentences from Indiana and Michigan), to be followed by twenty years of supervised release.[1] Doc. 24. Defendant did not appeal.

The case remained inactive until April 2014, when defendant sent a letter to the Clerk of Court requesting a copy of his sentencing transcript. Doc. 26. The presiding district judge issued an order construing the letter as a motion for a copy of defendant's sentencing transcript and denied the construed motion because defendant did not have any matters pending before the Court. Doc. 25.

1

In May 2014, defendant filed a "MOTION UNDER THE ALL WRITS ACT . . . TO FILE A WRIT OF ERROR CORAM NOBIS . . . ." Doc. 27. In his motion, defendant asserted that the Court erred by sentencing him to restrictive conditions of supervised release based on his having committed a sex offense. Defendant also tersely asserted that his counsel had failed to file a requested appeal.

The Court issued an order noting that the Sixth Circuit has made plain that "[a] prisoner in custody is barred from seeking a writ of error *coram nobis*." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001). *See* Doc. 28. Accordingly, because defendant was (and still is) in custody pursuant to the sentence which he is attacking, the Court informed defendant that he was ineligible for coram nobis relief. *Id.*

Instead of summarily recommending that the motion be dismissed, the Court afforded defendant an opportunity to recharacterize his coram nobis petition as having been filed under 28 U.S.C. §2255. *Id.* However, the Court bluntly warned defendant that absent application of equitable tolling the motion would be subject to dismissal as having been filed outside the one-year statute of limitations for seeking §2255 relief. *See* 28 U.S.C. §2255(f). The Court also cautioned defendant that he was entitled to file only one §2255 motion and, consequently, should raise all claims he believed to be proper in any recharacterized §2255 motion. Doc. 28.

Defendant exercised his option to ask the Court to recharacterize his coram nobis petition as having been brought under §2255. Doc. 29. Defendant elected to not add any new substantive issues. Instead, the recharacterization motion mainly dealt only with defendant's previously raised contention that his attorney failed to file a requested appeal. In addition,

---

1 Defendant did not enter into a written plea agreement with the United States.

defendant made a passing reference to the argument in his initial coram nobis petition that his sentence, specifically his supervised release term and the conditions thereof, was not proper because he was not a sex offender.

Defendant contends equitable tolling should apply to his facially untimely §2255 petition because he was transferred to state custody shortly after being sentenced by this Court and was not permitted to bring his legal materials with him when transferred. Defendant also alleges he did not have access to the legal materials necessary to seek §2255 relief while in state custody. Acting from an abundance of caution, the Court required the United States to respond, doc. 30, which it has done. Doc. 36. The recharacterized §2255 petition is thus ripe for adjudication.[2]

**Analysis**

"A prisoner seeking relief under § 2255 must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). To be cognizable under §2255, an alleged constitutional error must be of such magnitude as to have "had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). "Conclusory statements are insufficient to warrant relief under Section 2255." *Combs v. United States*, 2009 WL 943526, at *3 (M.D. Tenn. April 6, 2009). *See also Wogenstahl v. Mitchell*,

---

2 The Court originally ordered the United States to file its response by July 23, 2014 and gave defendant until August 22, 2014 to file a reply. Doc. 30. Subsequently, in an order granting the United States' motion to contact defendant's former attorney, the presiding district judge gave the United States thirty days from August 1 to file its response. Doc. 34. That order made no mention of defendant's reply deadline. The United States filed its response on August 28, 2014. Doc. 36. In a letter postmarked September 3, 2014, defendant updated the Court on his new place of confinement. Doc. 37. The Court refrained from issuing a report and recommendation until defendant had had thirty days to file a reply.

668 F.3d 307, 343 (6th Cir. 2012) ("Merely conclusory allegations of ineffective assistance, however . . . are insufficient to state a constitutional claim."); *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) ("Thus, vague and conclusory allegations contained in a §2255 petition may be disposed of without further investigation by the District Court.") (internal quotation marks omitted).

To demonstrate ineffective assistance of counsel, a petitioner must make two showings. "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court need not address both prongs if a petitioner fails to make a sufficient showing on either prong. *See, e.g., United States v. DeGroat*, 102 Fed.Appx. 956, 959 (6th Cir. 2004). When a defendant has pleaded guilty, the Supreme Court has held that "to satisfy the 'prejudice' requirement [of *Strickland*], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "To demonstrate a reasonable probability that he would have gone to trial, a defendant is required to present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial." *Parks v. United States*, 2013 WL 427256, at *4 (E.D.Tenn. Feb. 4, 2013). Finally, a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

Defendant relies upon *Campbell v. United States*, 686 F.3d 353 (6th Cir. 2012), to support

4

his main contention-- that he is entitled to §2255 relief based on his attorney's failure to file a requested appeal. *Campbell* indeed stands for the proposition that it is per se ineffective assistance of counsel to fail to file a requested appeal, even if a defendant has waived his appellate rights. *Id.* at 360 ("We therefore hold that even when a defendant waives all or most of his right to appeal, an attorney who fails to file an appeal that a criminal defendant explicitly requests has, as a matter of law, provided ineffective assistance of counsel that entitles the defendant to relief in the form of a delayed appeal."). Nevertheless, *Campbell* affords defendant no relief in this case because his §2255 petition was not timely filed.

28 U.S.C. §2255(f) generally affords defendants one year after their conviction is final to seek relief. If a defendant does not appeal, the one-year period begins at the conclusion of the expiration of the time in which an appeal could have been filed. *Johnson v. United States*, 457 Fed.Appx. 462, 465 (6th Cir. 2012). Defendants have fourteen days to appeal. Fed.R.App.P. 4(b)(1). Defendant's judgment was entered on January 15, 2013 so he had until on or about January 30, 2013 to file his appeal, which is also when his one year period for seeking §2255 relief began. Defendant's original coram nobis petition, which he asks the Court to recharacterize as having been brought under §2255, is facially untimely as it was not filed until May 2014.

However, "[t]he one-year statute of limitations for filing a § 2255 petition is subject to equitable tolling. Petitioner bears the burden of demonstrating he is entitled to equitable tolling. Equitable tolling allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Johnson*, 457 Fed.Appx. at 469 (internal quotation marks and citations omitted). The Sixth

Circuit has held that "a habeas petitioner is entitled to equitable tolling only if the petitioner shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 470 (internal quotation marks and citations omitted) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Defendant's arguments that equitable tolling should apply because he was transferred to state custody shortly and was not permitted to bring his legal materials with him are strikingly similar to arguments rejected by the Sixth Circuit in *United States v. Stone*, 68 Fed.Appx. 563 (6th Cir. 2003). In *Stone*, the Sixth Circuit rejected an equitable tolling argument as follows:

> On appeal, Stone asserts that because his ability to timely submit a § 2255 motion within the one-year limitation period was impeded by official intervention, his limitation period for his motion should be equitably tolled. . . . Upon review, we conclude that Stone has not established that he is entitled to equitable tolling. Stone does not claim a right newly recognized by the Supreme Court, nor do his claims involve newly discovered evidence; rather, Stone contends that state action inhibited him from filing his motion to vacate judgment or a time-tolling motion during the one-year limitation period. Stone contends that he was unable to timely submit a § 2255 motion within the one-year limitation period because he was transferred from a federal prison to the Bedford Heights, Ohio, jail pursuant to a writ of habeas corpus ad-prosecundum. Stone asserts that he was not allowed to bring his personal property and legal materials to Bedford Heights and was unable to do research there. Stone admits, however, that his attorney advised him that his limitation period for post-conviction remedies began to run April 17, 2000, and the record reveals that Stone had almost six months before he was transferred to the Bedford Heights jail in which to file his § 2255 motion. Moreover, the record reveals that the limitation period expired April 17, 2001. Stone returned to the federal prison on May 5, 2001, but did not file his initial request to file a § 2255 motion until December 6, 2001, seven months later. Stone's argument that he had insufficient library access must fail because allegations regarding insufficient library access, standing alone, do not warrant equitable tolling. Stone's argument that state action inhibited him from filing his motion to vacate judgment must fail because, while the limitation period may be tolled by governmental action in violation of the constitution, Stone's transfer to the Bedford heights jail was not unconstitutional. Thus, no extraordinary circumstances exist warranting equitable tolling of the one-year limitation period.

*Id.* at 564-66.

Defendant's original coram nobis petition alleged that he was transferred to state custody shortly after his January 2013 sentencing but there is no indication that the transfer was somehow unconstitutional. Moreover, as the United States District Court for the Northern District of Florida aptly noted in a similar situation, "institutional transfers, periods of confinement under more restrictive conditions than general population, and lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are usual incidents of prison life." *Neal v. McNeil*, 2010 WL 298294, at *8 (N.D.Fla. Jan. 15, 2010). In addition, though defendant states that he was returned to federal custody in November 2013 (when he still would have had approximately two months left to seek timely §2255 relief) he did not file the coram nobis writ until May 2014. Defendant simply has not shown he acted with proper diligence or that any truly extraordinary circumstances prevented him from timely seeking §2255 relief. The recharacterized §2255 petition should thus be denied as having been untimely filed.[3]

**Recommendation**

For the foregoing reasons, it is **RECOMMENDED:**

1.   Defendant's motion for writ of habeas corpus coram nobis (doc. 27) should be **denied as moot**; and

2.   Defendant's motion to recharacterize his coram nobis petition as having been

---

[3] In addition, defendant's substantive arguments regarding the length and conditions of his supervised release are without merit. Defendant was convicted of violating 18 U.S.C. §2250 (failure to register as sex offender). 18 U.S.C. §3583(k) provides in relevant part that "the authorized term of supervised release . . . for any offense under section . . . 2250 . . . is any term of years not less than 5, or life." Defendant's twenty-year period of supervised release is, his argument to the contrary notwithstanding, clearly within statutory limits. Moreover, defendant has not cited to binding authorities showing that the terms of supervision (e.g., prohibiting access to pornography) were improper and/or unconstitutional.

brought pursuant to 28 U.S.C. §2255 (doc. 29) should be **granted**; and

3. Defendant's recharacterized 28 U.S.C. §2255 petition (docs. 27, 29) should be **denied**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. *U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)(citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This the 3rd day of October, 2014.

Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge