UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 2: 12-32-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| BRADLEY MAGIERA, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Defendant Bradley Magiera's motion for collateral relief pursuant to 28 U.S.C. §§ 1651 and 2255. [Record Nos. 27, 29]  Although Magiera originally sought relief in the form of a writ of error coram nobis, the United States Magistrate Judge assigned to this matter allowed the defendant to recharacterize his claim.  As Magistrate Judge J. Gregory Wehrman explained to Defendant Magiera, a prisoner in custody is barred from seeking a writ of error coram nobis.  *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001).

On October 3, 2014, Magistrate Judge Wehrman filed his Report and Recommendation addressing Magiera's substantive claim for relief.  [Record No. 39]  In that report, the magistrate judge concluded that the relief sought by Magiera was inappropriate.  After reviewing the applicable factual and procedural history of the case, Magistrate Judge Wehrman concluded that the defendant's motion was untimely and that equitable tolling was inapplicable.  Magiera has not filed timely objections to the magistrate judge's Report and Recommendation.

-1-

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Although Magiera has failed to object, the Court has nevertheless conducted a *de novo* review of the issue raised in his motion. However, the undersigned fully agrees with the Magistrate Judge's conclusions and recommendations.

Magiera has not demonstrated that his trial counsel was ineffective. Contrary to the defendant's assertions, *Campbell v. United States*, 686 F.3d 353 (6th Cir. 2012), does not warrant relief because Magiera's § 2255 motion is time-barred. After the defendant's judgment became final, he had until approximately January 30, 2013, to file a notice of appeal. And his one-year period for seeking collateral relief also commenced on that date. However, he did not seek any form of relief until May 2014. The magistrate judge correctly concluded that equitable tolling does not extend this one-year period.

Although Magiera asserts that the period of time to seek collateral relief should be lengthened due to his transfer to state custody, the magistrate judge correctly rejected this claim according to the analysis set out in *United States v. Stone*, 68 Fed.Appx. 563 (6th Cir. 2003) [Record No. 39, pp. 6-7]. With respect to the issue of equitable tolling, this Court further agrees that "institutional transfers, periods of confinement under more restrictive conditions than the general population, and lack of ready access to legal paperwork and law libraries are not 'extraordinary circumstances'; they are the usual incidents of prison life." *Neal v. McNeil*, 2010 WL 298294, at *8 (N.D.Fla. Jan 15, 2010). Additionally, although Magiera was returned to

federal custody in November 2013, he did not seek collateral relief until May 2014. Thus, he has not been diligent is seeking to assert his present claim of ineffective assistance. Equitable tolling is simply inapplicable.

Finally, a Certificate of Appealability shall not issue. Magiera has not made a substantial showing of the denial of a constitutional right. More specifically, he has not demonstrated that reasonable jurists would find this Court's assessment of his claim to be debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Likewise, Magiera has not shown that jurists of reason would find it debatable whether this Court was correct in its procedural rulings. *Id.* at 484. Accordingly, it is hereby

**ORDERED** as follows:

1.     The Recommended Disposition of United States Magistrate Judge J. Gregory Wehman [Record No. 39] is **ADOPTED** and **INCORPORATED** herein by reference.

2.     Defendant Bradley Magiera's motion for collateral relief pursuant to 28 U.S.C. § 2255 and his motion under the All Writs Act, 28 U.S.C. § 1651 [Record Nos. 27, 29] are **DENIED**.

3.     The Court declines to issue a Certificate of Appealability.

4.     A judgment in favor of the United States shall be issued this date.

This 21st day of October, 2014.



Signed By:
*Danny C. Reeves*
United States District Judge